# Thomas F. Tomlin

## v.

# David W. Hilyard.

1. TENANTS IN COMMON — *parol partition between — effect of.* A parol partition of lands between tenants in common, when followed by a several possession, gives to each the rights and incidents of an exclusive possession of his property.

2. SAME — *of the legal title — conveyance may be compelled.* In such case, while the legal title might not be considered as having passed, unless after a possession sufficiently long to justify the presumption of a deed, yet each co tenant would stand seized of the legal title of one-half of his allotment and the equitable title to the other half, and could compel from his co-tenant a conveyance according to the terms of the partition.

3. HOMESTEAD RIGHT — *to what character of estate it may attach.* The homestead law protects equally an equitable as well as a legal title to lands, and when a parol partition between tenants in common was had, followed by a several possession, and before judgment lien attached, each can claim the homestead right, even though the legal title to one-half of his allotment be in the other, as each held it since partition as trustee for the other.

4. POSSESSION — *severance of — between tenants in common — proof of.* A mere severance of possession between tenants in common, may be inferred from far less proof than would be required to show a sale of land to a stranger.

5. Witness — *cannot testify as to matter of law.* An interrogatory asking a witness to swear as to a matter, which in part was a question of law, is improper.

Writ of Error to the Circuit Court of Mason county; the Hon. James Harriott, Judge, presiding.

. . The facts in this case are sufficiently stated in the opinion.

Messrs. Lacey & Harndon, for the plaintiff in error.

Messrs. Dummer & Prettyman, for the defendant in error.

Mr. Justice Lawrence delivered the opinion of the Court:

This was an action of ejectment brought by Thomas F. Tomlin against David W. Hilyard, to recover forty acres of land. It appears by the record, that on the 10th of March, 1856, eighty acres, of which the tract in controversy is a part, were bought by said Hilyard, and one Thompson Tomlin, as tenants in common, the deed being made to them jointly. On the 1st of January, 1858, one Walker obtained a judgment in the Circuit Court of Mason county, where the land is situated, against Hilyard and Thompson Tomlin, on which an execution was duly issued, and the land in controversy sold on the 16th of March, 1858. The plaintiff below derived title under this sale and the sheriff's deed made thereon. .

The defense was, that before said judgment was obtained, the eighty-acre tract was divided between Hilyard and Thompson Tomlin, the former taking the south forty acres, being the tract in controversy, and the latter the north forty, and that, although the partition was by parol, Hilyard, in the spring of 1857, took open and exclusive possession of his forty, and has occupied it with his family, as a homestead, from that time to the present. On the trial, a jury was waived, and the court on the evidence gave judgment for the defendant.

A parol partition between tenants in common, when followed by a possession in conformity therewith, will so far bind the possession, as to give to each co-tenant the rights and incidents of an exclusive possession of his property. 1 Wash. on Real

Prop. (2d ed.) 450; *Jackson* v. *Hardee,* 4 Johns. 202; *Jackson* v. *Vosburgh,* 9 id. 276; *Slice* v. *Derrick,* 2 Rich. 627; *Coles* v. *Wooding,* 2 Patton & Heath (Va.) 189; *Wildley* v. *Barney's Lessee,* 31 Miss. 644; *Manly* v. *Pettee,* 38 Ill. 136. While the legal title might not, perhaps, be considered as passing by such parol partition, unless after a possession sufficiently long to justify the presumption of a deed, yet the parol partition followed by a several possession, would leave each co-tenant seized of the legal title of one-half of his allotment, and the equitable title to the other half, and by a bill in chancery he could compel from his co-tenant a conveyance of the legal title, according to the terms of the partition. The homestead law protects a possession held under an equitable as well as a legal title. *Blue* v. *Blue,* 38 Ill. 9. If then, in the case before us, there has been a parol partition before the judgment lien attached, and a several possession in conformity thereto, the homestead right can be claimed by Hilyard, even if the legal title to one-half of his allotment is still in his co-tenant. He has held it since the partition merely as trustee for Hilyard.

It is insisted, however, that the parol partition in the case before us is not clearly proven. The evidence is contradictory, but while Thompson Tomlin himself denies that a partition was agreed upon, the other clearly proven facts are such strong evidence of partition that we are not inclined to set aside the finding of the court. The witness Jonathan Thompson, swears that he occupied the eighty acres as tenant of Tomlin and Hilyard, in 1856; that he afterward rented of Thompson Tomlin the forty acres not in controversy in this case; that Hilyard has occupied, exclusively, the forty acres in controversy, from the spring of 1857 to the present time; that this was matter of notoriety, that Tomlin claimed and occupied the other forty by his son or tenants; and that the witness, in the spring of 1857, ran a furrow with a plow between the two forties to mark the division line. It further appears that Hilyard built a house on his forty before he moved on it, and that he planted an orchard in 1857 or 1858. Another witness swears it was notorious that Hilyard and Tomlin were claim-

ing the eighty acres separately, and that such exclusive and separate claim and occupation have continued to the present time. All this is very strong evidence that a partition was made.

It need hardly be remarked, that a mere severance of possession between tenants in common may be inferred from far less proof than would be required to show a sale of land to a stranger.

It is also objected that the court erred in not permitting the plaintiff to ask a witness "if the judgment was not obtained for the purchase money of the land in controversy." The interrogatory was objectionable, not only because leading in form, but because it was asking a witness to swear as to what was, in part, a question of law. The witness should have been required to state the manner in which the indebtedness accrued. The land was not bought of Walker, the plaintiff in the judgment, but from one Blunt, and whether the debt to Walker accrued in such a way that it could be regarded as purchase money for land bought of Blunt, as in the case of *Austin* v. *Underwood*, 37 Ill. 441, must necessarily involve a legal question which a witness is not competent to solve. So far as the facts appear from the further examination of the same witness the judgment was not for the purchase money. The record discloses a homestead right in the appellee, and the judgment must be affirmed.

*Judgment affirmed.*