# BURTON A. HEWITT

*v.*

# JAMES TEMPLETON *et al.*

48  367
123  461

1. HOMESTEAD EXEMPTION—*homestead right—how lost by acts in pais.* March 14th, 1859, T and wife mortgaged certain premises to S, without releasing the homestead, which was assigned by him to D, March 26th, 1861. Oct. 24th, 1861, T and wife quitclaimed the premises to their two sons, but without relinquish-. ment of the homestead, who conveyed the same to A in November following. Dec. 20th, 1861, by virtue of a power of sale contained in the mortgage, D sold the premises to H, to whom he executed a deed; and on Feb. 20th, 1862, T and wife executed a deed to H, conveying the homestead right, reserving possession until April 1st following. March 1st, 1862, T and wife abandoned the premises, and A took possession under his deed from the sons. *Held,* in a suit by the grantee of H against A, to quiet title—

1. That by the deed of T and wife to their two sons, only the equity of redemption passed, which was the sole estate acquired by A, of which he became divested by the sale under the mortgage.

2. That had T remained in the occupancy of the premises beyond April 1st, he could have been evicted therefrom, by H, the owner of the fee, to whom the homestead right had been relinquished.

3. And that, notwithstanding such release had never been executed, the act of T, in abandoning the premises, annihilated the homestead right, and the immediate right of possession at once attached to H, the owner of the fee.

2. SAME. A grantee by a deed which fails to release the homestead right, becomes entitled to the immediate right of possession, upon abandonment by the grantor, as by such act the homestead right is annihilated, and is not such an estate in the premises, which can be transferred as against the owner of the fee.·

3. MORTGAGE—*sale mortgage—judgment obtained on the notes—prior to sale.* And in such case, it is no objection that judgment had been obtained on the notes executed by T, to secure which the mortgage was given, prior to the sale under the mortgage. The right of sale under the mortgage still subsisted.

APPEAL from the Circuit Court of Will county; the Hon. SIDNEY W. HARRIS, Judge, presiding.

The facts in this case are fully stated in the opinion.

Messrs. S. W. & T. B. HARRIS, for the appellant.

Messrs. RANDALL & FULLER, for the appellees.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

On the 14th of March, 1859, James Templeton borrowed from one Sharpe, a sum of money, for which he executed his five promissory notes, the last maturing October 1st, 1861, and to secure their payment, executed, with his wife, a mortgage upon his farm, without, however, relinquishing the homestead. The mortgage contained a power of sale, authorizing Sharpe, his legal representative or attorney, to sell in case of default.

On the 26th of March, 1861, Sharpe assigned the last two notes and the mortgage to Thomas Doig. The notes not having been paid, Doig, on the 20th of December, 1861, sold the premises under the power in the mortgage, to one Hawes, and executed to him a deed.

On the 18th of February, 1862, Hawes paid Templeton an additional one thousand dollars, in consideration whereof, Templeton and wife executed to Hawes another deed, for the purpose of relinquishing the homestead, but reserving possession until the 1st of April. On the 1st of March, 1862, Hawes conveyed the premises to Hewett, the appellant herein, and complainant in the circuit court.

On the 24th of October, 1861, James Templeton, the above named mortgagor, and his wife, executed a quitclaim deed of the premises, without relinquishment of homestead, to their two sons, Adam and Richard Templeton. On the 20th of November, 1861, Richard and Adam Templeton, and their wives, executed to VanAuken, one of the appellees herein, a quitclaim deed for the premises, without relinquishment of homestead.

James Templeton and wife continued in possession of the premises until March 1st, 1862, when they went out, and Van Auken went in, under his deed.

The defendants below sought to show that after the execution of the deed from James Templeton to his sons, the latter were in possession, but we consider it very clear that the occupancy of the father remained unchanged to the 1st of March.

VanAuken having thus obtained possession, made a lease of the premises for one year to one Collier, and some time in the summer, Hewett obtained possession from Collier, and put one Merrill in to hold as his tenant.    VanAuken then brought an action of forcible entry and detainer, and Hewitt filed the bill herein to enjoin the action, and quiet his title, as against the claim of VanAuken.    The latter filed a cross bill, and on the final hearing, the court decreed in favor of VanAuken, and Hewitt brings the record here.

The question upon which this case turns, has already been decided in the case of *McDonald* v. *Crandall*, 43 Ill. 231.    We there held that, although a judgment was no lien upon a homestead, where the premises were worth less than $1,000, and a lien only upon the surplus where they were worth more than that sum, yet, where the owner conveys the same by an absolute deed or mortgage, legally executed, the fee in the premises conveyed, no matter what their value, passes to the grantee, subject only to the right of occupancy on the part of the grantor, in case the homestead has not been relinquished, and when such occupancy terminates, the homestead right is annihilated, it not being an estate in the premises which can be transferred as against a former conveyance that has passed the fee.    Applying that decision to the present case, it follows, that the deed from James Templeton to his sons, conveyed merely his equity of redemption, as against the mortgage to Sharpe.

It did not purport to convey the homestead right, even if such right had been susceptible of conveyance, and was not

47—48TH ILL.

even accompanied by a relinquishment of the actual possession to the grantees. As they took only the equity of redemption, so their deed to VanAuken passed only that, and by the subsequent sale, on the 20th of December, 1861, under the power in the mortgage, that estate was destroyed. The homestead right, however, continued in the elder Templeton until the 18th of February, 1862, when, for a valuable consideration, he relinquished it in due form, to the holder of the fee—the relinquishment to take effect after the 1st of April. After that date he could have been evicted by the owner of the fee, if he had remained in possession. But, independently of the release of the 18th of February, and if there had been no such release executed, the principles settled in *McDonald* v. *Crandall*, above quoted, would require us to hold, that all homestead right was gone the moment Templeton abandoned the premises, and the immediate right of possession at once attached to the owner of the fee.

This view of the case, renders it unneccessary to consider the question of fraud, on the part of appellees.

It is, however, urged by the counsel of appellees, that the deed to the purchaser at the sale under the mortgage, was defectively executed, and passed no title. It was executed both by Sharpe, the original mortgagee, through his attorney in fact, and by Doig, the asignee of the mortgagee, and both modes were authorized by the mortgage.

It is also objected, that judgment had been obtained on the notes before the sale under the mortgage. Even if such was the case, there was still a right of sale under the mortgage, as we have recently decided in a case not yet reported.

The advertisement of the sale is objected to, but it was precisely what the terms of the mortgage required.

The decree must be reversed and the cause remanded, with directions to the circuit court to render a decree establishing the title of complainants as paramount to that of defendants. It will not, however, enjoin VanAuken from prosecuting an

action of forcible entry and detainer. If Hewitt intruded on the possession of VanAuken's tenant, in a mode that made him liable to that action, the party expelled must be allowed to bring it, without reference to the title, or the legal right of possession under the title. We would suggest, however, that even if Hewett were to be expelled from the possession by an action of forcible entry and detainer, it would be but useless litigation, and a bootless victory, as he would be able at once to recover back the possession in an action of ejectment.

*Decree reversed.*