GEORGE VASEY

*v.*

BOARD OF TRUSTEES, TOWNSHIP ONE, SOUTH OF RANGE TWO WEST, IN WASHINGTON COUNTY.

1. PRACTICE—*of the time of taking certain objections.* In a bill to foreclose a mortgage, it was alleged the mortgage was given to secure a certain promissory note, which appeared to be signed by four persons, when, in fact, one of the makers signed the note after the mortgage was given: *Held,* even if there was no allegation to meet the changed character of the note, the objection came too late when made for the first time in the appellate court; it should have been made in the court below, so that, if necessary, the bill could have been amended.

2. ALLEGATIONS AND PROOFS—*as to the purpose of the mortgage.* But the allegation that the mortgage was given to secure that particular note, was

substantially true, although it was signed by one of the makers after the mortgage was given. It was the same note, except there was an additional security.

3. A PAROL PARTITION of land among several tenants in common, to be valid, must be followed up by a several possession.

4. SAME—*presumption.* Exclusive possession by one, of a particular part of the estate, accompanied by a denial of the co-tenant's right to such part, may create a legal presumption of partition.

5. HOMESTEAD—*abandonment.* It is not essential to the waiver of the homestead right that there should be a formal release thereof in writing, but the right may be lost by an abandonment of the premises.

6. The husband, as the head of the family, has the right to control the residence of his wife and children. Where the husband, with his family, abandons the premises to ruin, and locates elsewhere, he ceases to occupy them as a residence, and such occupancy is necessary to the existence of the homestead right.

7. So, where the owner of land, which he occupied as a homestead, executed a mortgage thereon, but without releasing the homestead right formally in writing, and afterwards abandoned the premises without intending to return to them, this was held to be such a waiver of the homestead in favor of the mortgagee, that a subsequent conveyance of the premises by the mortgagor, with a formal release of the homestead right, in writing, would not operate to pass any right to his grantee, in respect to the homestead, which could be asserted against the mortgage.

APPEAL from the Circuit Court of Washington county; the Hon. SILAS L. BRYAN, Judge, presiding.

Mr. J. M. DURHAM, for the appellant.

Mr. AMOS WATTS, for the appellees.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

The facts of this case are briefly as follows:

Benjamin and Fountain Seawell purchased the land in controversy, in the year 1855. In 1860, they, with their wives, executed a mortgage on the premises to appellees, to secure the payment of a note then signed by them and Samuel Seawell. Thomas Seawell signed the note sometime after the execution of the mortgage.

It is claimed, that parol partition was made between the two Seawells soon after the purchase. There was no possession in conformity therewith. Benjamin was never in possession, and the occupancy of Fountain was of the whole tract, so far as it could be.

In 1866, Fountain Seawell conveyed the land to appellant, having purchased his brother's interest a short time before the sale. In the deed to appellant, the right of homestead was waived, but there was no release of it in the mortgage.

A bill was filed to foreclose the mortgage, and it was alleged therein that the mortgage was executed to secure the note signed by the four Seawells.

Appellant answered, and filed a cross bill, setting up the parol partition, and claiming the right of homestead in him, as grantee of Fountain Seawell.

The first objection is somewhat technical, that the allegation, as to the object of the mortgage, was not sustained. It is true, that Thomas had not signed the note at the date of the mortgage, still the allegation is substantially true. The note was of the same date, and for the same amount; in fact, it was the same note, to secure which the mortgage was given—except there was an additional security.

Concede that there was no allegation to meet the changed character of the note, the objection should have been taken in the court below. If sustained, the bill might have been amended. As was said by this court, in *Webb et al.* v. *The Alton Marine and Fire Insurance Co.* 5 Gilm. 223, a party should not be permitted to remain silent while a cause is progressing, and then raise such objections at the hearing, or in the appellate court. Such practice would not be promotive of justice.

We are not satisfied that there was any parol partition. It was evidently intended, but never consummated. Even if it was agreed upon, there was no several possession; and there is no evidence of either actual or constructive notice of such partition. A parol partition, to be valid, must be followed up by possession.

These parties were tenants in common. Exclusive possession of one, of a particular part of the estate, accompanied by a denial of the co-tenant's right to such part, may create a legal presumption of partition. *Tomlin* v. *Hilyard*, 43 Ill. 300 ; 1 Wash. on Real Prop. 430.

The facts do not show such relation between the parties.

Was there any abandonment of the homestead? It is contended, that there can be no release or waiver of this right, except in writing, and in the mode directed by the statute, and that it is the policy of the law to restrain the alienation of the home, and secure it for the wife and children.

The law does exempt a certain amount of property from levy and forced sale. In this regard, the law is liberal and benevolent; and this policy of securing a home for every head of a family, has always been fostered by the courts. But the law does not prevent the alienation of the homestead. It is not guilty of the absurdity of confining a man to a particular habitation. The ambulatory character of our population would resent such a restriction. If the citizen desire a hearth and a domestic altar, he can enjoy them, exempt from levy and forced sale, but the law will not force them upon him.

Nine months before the conveyance to appellant, Fountain Seawell had removed from the premises. He says, he intended to return. The facts wholly repel such intention. He left the house ; placed no tenant in it; cultivated no portion of the place, and made no use whatever of it. He had executed a mortgage upon it, and the testimony is satisfactory, if not conclusive, that there was a total abandonment. He was still out of possession, at the time of the sale and conveyance to appellant. There is no proof of the *animus revertendi*.

The husband was the head of the family, and had the right to control the residence of his wife and children. The first section of the homestead act exempts the property of the debtor during the life of the husband, if "occupied as a residence." Where the husband, with his family, abandons the

premises to ruin, and locates elsewhere, it can not be said that he occupies them as a residence.

All the questions involved have so often been decided by this court, that we must regard them as settled.

We therefore hold, that the mortgage was not void, and that the homestead right had been waived by abandonment of the premises. *Brown* v. *Coon*, 36 Ill. 243 ; *Titman* v. *Moore*, 43 Ill. 170 ; *McDonald* v. *Crandall*, id. 231 ; *Wright et al.* v. *Dunning*, 46 Ill. 271 ; *Hewitt* v. *Templeton*, 48 Ill. 367 ; *Buck* v. *Conlogue*, 49 Ill. 391.

The decree of foreclosure is affirmed.

*Decree affirmed.*