JOHN COMSTOCK *et al.*

*v.*

MATTHEW HENNEBERRY.

1. CHANCERY—*jurisdiction—bill to quiet title.* It is only in extraordinary cases that a court of chancery will assume the trial of purely legal titles; and, as a general rule, the holder of a legal title, not in actual possession, can not maintain a bill to quiet his title and compel a relinquishment of adverse claims, for the reason that he may have his title tested in a court of law.

2. SAME—*wrongful possession.* Where the holder of an adverse claim of title to land took possession and leased the same for five years, and the complainant, also claiming title to the same land, procured the tenant to attorn to him, and the original lessor, by forcible detainer, recovered the possession, which was, on the following night, forcibly retaken by the tenants of the complainant, who filed his bill in equity to enjoin the prosecution of an action of forcible entry and detainer, and to quiet his title as against the holder of the adverse title: *Held,* that while the complainant was in the actual possession of the land at the time he exhibited his bill, yet, as it was obtained unlawfully and forcibly, he could not be allowed to take advantage of his own wrong, and would be considered, in equity, as out of possession, so far as the question of jurisdiction was concerned; and, being out of possession, he had a complete remedy at law, and· a court of equity could not entertain his bill.

3. CHANCERY JURISDICTION—*waiver of objection to.* Except in cases where the subject matter is wholly foreign to the jurisdiction of a court

of equity, the objection that there is an adequate remedy at law must be raised and urged in the court below, or it will be considered as waived, when the record is brought to this court.

4. SAME—*to set aside title fraudulently obtained.* A court of equity has jurisdiction to set aside and cancel a deed, even where the defendants are in possession, where it is fraudulently procured with full knowledge of a prior unrecorded deed from the same grantors for the purpose of defeating the title acquired under the first deed.

5. But where the party out of possession held under a deed from the patentee, which was recorded in proper time, and a long time after such registry, the defendant purchased and obtained a deed from the heirs of the patentee, claiming that the prior deed of the patentee was void, as having been made before the issuing of the patent, the land being military bounty land: *Held,* that no fraud, in such a case, could be justly predicated of the deed from the heirs, to give a court of equity jurisdiction of a bill to cancel the same, but that the parties would be left to a court of law to determine which held the superior title.

APPEAL from the Circuit Court of Marshall county; the Hon. SAMUEL L. RICHMOND, Judge, presiding.

Messrs. BANGS & SHAW, for the appellants.

Messrs. BURNS & BARNES, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The complainant derives his claim of title by deed of the premises from Mieer Clark, patentee, to Jehosaphat Eldred, made in 1818 or 1819, and recorded in June, 1820, and a commissioner's deed to himself of the premises in 1863, on a commissioner's sale of the same under a decree in a partition suit between the heirs of Eldred. He also claims the land under the seven years limitation law, by payment of taxes under color of title while the land was vacant and unoccupied. The bill claims that Comstock fraudulently, and with notice of appellee's title, obtained a deed from the heirs of Clark, the patentee, in 1868, and that it ought to be removed as a cloud on complainant's title.

The proof shows that, in 1861, Comstock leased the land to one Keefe for five years, who took possession under the

lease, and also admitted one Kane into possession with him; that they together put a house on the land, and broke and fenced it, as agreed in the Comstock lease. In November, 1863, appellee (the complainant below) executed to Kane a lease of the land; and thenceforward, Kane claimed to hold under the appellee.

At the end of the five years, Comstock brought a suit of forcible detainer against Kane, which appellee defended. Comstock recovered judgment, and was put in possession of the premises by the sheriff on the evening of the 19th of February, 1868.

Comstock, on returning to the premises on the next morning from a near neighbor's, where he had gone for the night, found that the tenants of the appellee had, during the night, broken into the house and retaken possession, and they held it with the strong hand against Comstock and the sheriff. A suit of forcible entry and detainer was brought by Comstock for these acts. Appellee asked, also, to have this suit enjoined, and that his title be quieted.

The question is raised whether this is a proper subject of equitable jurisdiction.

The titles here are legal titles. A court of law is the proper tribunal to determine which of them is the best. It is only in extraordinary cases that a court of chancery will assume the trial of such titles. The holder of a legal title, not in actual possession, can not, as a general rule, maintain a bill to quiet his title, and to compel a relinquishment of adverse claims. A recent statute has changed that rule as respects vacant and unoccupied land.

The reason why the party out of possession can not maintain such a bill, is that he may bring an action at law to test his title, which, ordinarily, a party in possession can not do. *Alton M. and F. Ins. Co.* v. *Buckmaster*, 13 Ill. 201; *Harris* v. *Smith*, 2 Dana, 10; *Trustees* v. *Gray*, 1 Littell, 147; *Smith* v. *McConnell*, 17 Ill. 135; *Shays* v. *Norton*, 48 Ill. 100; *Banon* v. *Robbins*, 22 Mich.

It is true, that in *Kennedy* v. *Northup et al.* 15 Ill. 149, this court entertained jurisdiction to set aside a deed fraudulently obtained, where the defendants were in possession; but it was on the ground of fraud where, with knowledge of a prior unrecorded deed, a second one was fraudulently obtained from the same grantor and first recorded, for the purpose of defeating the title acquired under the first deed.

The circumstances here are quite different. The deed from the patentee to Eldred was immediately recorded. A long time afterward, Comstock purchased and obtained a deed from the heirs of the patentee, claiming that the prior deed of the patentee was void, as having been made before the issuing of the patent, in violation of an act of Congress. The land was bounty land, granted for military services in the war of 1812. No fraud can justly be predicated of a deed made by heirs or obtained by Comstock in such circumstances. A charge of fraud in the bill, unsupported by proof, will not make the case one of fraud and bring it within the jurisdiction of a court of chancery.

*Hewett* v. *Templeton,* 48 Ill. 367, is referred to as a case where the jurisdiction was entertained where the complainant was in possession under much the same circumstances as in this case.

But no objection was made there on the ground that the party had an adequate remedy at law, nor is the question of jurisdiction there noticed.

This court has several times held that, except where the subject matter is wholly foreign to the jurisdiction of a court of chancery, the objection that there is an adequate remedy at law must be insisted on in the court below, and if not, it will be considered as waived when the record is brought here. *Stout* v. *Cook,* 41 Ill. 447; *Dodge* v. *Wright,* 48 Ill. 383; *Hickey* v. *Forristal,* 49 Ill. 256.

We do not, therefore, regard that case as an authority in favor of the jurisdiction claimed.

Is the appellee to be considered as in possession when he commenced his suit?

He was in the actual possession, but he obtained it unlawfully and forcibly.

He can not take advantage of his own wrongful and illegal acts as the foundation for equitable jurisdiction and relief. The appellee is to be treated as out of possession for all the purposes of this suit, so far as jurisdiction is concerned.

Comstock's deed casts no cloud upon the appellee's title. The latter, on the face of the record, appears to be the paramount title. We do not regard that there is any question of fraud in the case, or other circumstance that entitles the appellee to resort to a court of equity, instead of bringing his action of ejectment at law, and trying all questions between the parties in such a suit. A recovery in such action, and a judgment that appellee owned the premises in fee, would bar all the right of Comstock, and as effectually quiet appellee's title as a decree in equity.

Being of opinion that the complainant had an adequate remedy at law, the bill should, on that ground, have been dismissed without prejudice.

The decree must be reversed, and the bill is dismissed without prejudice.

*Decree reversed.*