WILLIAM NICHOLS
*v.*
MARTHA L. PADFIELD *et al.*

77  253
199  ² 92

1. PARTITION—*defeated by a sale of the complainants' interest.* Where an answer to a bill in chancery for a partition of lands sets up a bargain and sale of the premises by the ancestor of the complainants to the defendant, the ancestor being a tenant in common with the defendant, the contract of sale being under the hand and seal of the deceased ancestor, it was *held*, that the answer, in this respect, presented a complete defense to the relief sought.

2. SAME—*a parol partition as a defense.* On bill for partition, the defendant's answer alleged that all of the heirs of the common ancestor, after his death, came together, and, by parol, made a partition of the lands which they inherited from their father, and each of the heirs took possession of the share severally allotted him or her, which was nearly forty years before the filing of the bill: *Held,* that the answer presented a defense to the bill filed by the children of one of such heirs, as it would be inequitable, after the complainants' mother had obtained her just share in the whole of the lands, and acquiesced in the partition during her life, to permit her heirs, long after they became of age, to claim the share of their mother in the lands so set apart to others.

3. SAME—*limitation to bill for.* Where, after a parol partition of lands among heirs, the defendant to a bill for partition acquires title to one of the tracts, by a warranty deed from certain of the heirs, and pays all taxes for the necessary period on the same, it will be a bar to a bill for partition, and one disability can not be lapped on another to defeat the operation of the statute.

4. LIMITATION—*statement of facts constituting, in pleading in chancery.* Where the defendant relies on the limitation law of 1839 as a bar to a bill for the partition of land, he should allege in his answer that he has paid all taxes legally assessed thereon for the requisite number of years; that he is in the actual possession, and that he held in good faith under his claim and color of title, and the answer should refer to the statute, and claim the benefit of it as a bar.

APPEAL from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

This was a bill for partition. filed October 7, 1872, by Martha L. Padfield, and Hezekiah Padfield, her husband, against William Nichols, Nancy Canada and John W. Canada. The land was owned by George Nichols at the time of his death, which was in 1833. He left surviving him only five heirs, to-wit: James Nichols, Thomas Nichols, William Nichols (the defendant), Elizabeth Nichols and Lucinda Nichols. The parol partition claimed in the defendant's answer was alleged to have been in 1833, and shortly after the death of George Nichols. It appears that Elizabeth intermarried with Isaac Stroud, and, by her consent, her share of the lands was by the other heirs conveyed to her husband, they supposing that was sufficient to pass the whole title to him. Elizabeth died in 1840, leaving the complainant. and Nancy Stroud, since married to John W. Canada, as her only heirs at law. The answer showed that each one of the heirs of George Nichols took possession of his or her share of the lands so divided, and that Elizabeth Nichols, before her marriage with Stroud, for a valuable consideration, on the 21st day of October, 1833, " bargained and sold to respondent, under her hand and seal, all her right, title and estate in and to the E. ½ S. W. sec. 28, T. 2 N., R. 6 W., the same being part of the land described in the bill;" that afterwards, in December, 1835, the said Elizabeth then being married to said Stroud, and Lucinda to George Barnett, the heirs of George Nichols met for the purpose of conveying the tract above described to respondent, and a deed was executed by the said James Nichols, Thomas Nichols, George Barnett and Isaac Stroud, to respondent, the said Elizabeth and Lucinda not signing, as it was supposed it was only necessary for their husbands to execute the same to convey the estate of their wives in the land. The answer also sets up other conveyances to him for interests in the other lands. In respect to the limitation set up and referred to in

the opinion, the answer alleged that, in the division of the said lands between the heirs of George Nichols, deceased, the north-west quarter of the north-east quarter of section 36, township 2 north, range 7 west, which lies east of Silver creek, was set off to said James Nichols, and afterwards the said James Nichols sold the same to respondent; and on December 4, 1835, with the intention of vesting the whole fee simple title in respondent, the said James Nichols, George Barnett and Isaac Stroud conveyed said land to respondent, by their warranty deed; that respondent, for more than twenty-five years, has claimed the whole of said lands described in said bill, by warranty deeds; that all of said time he has been in adverse possession of said lands, and, regularly every year, paid the taxes on the same; and, until the filing of this bill of complaint, he never knew that any person besides this respondent claimed any interest in said land.

The court below decreed a partition, and, upon the report of the commissioners that one could not be made, etc., ordered a sale by the master in chancery. The defendant, William Nichols, brings the case to this court by appeal.

Mr. JAMES M. DILL, and Mr. HENRY H. HORNER, for the appellant.

Messrs. C. W. & E. L. THOMAS, for the appellees.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

The only question presented for our consideration is, whether the answer to the amended bill was sufficient to defeat the recovery by appellees. It seems to be undisputed that appellant owns an undivided four-fifths of the lands in dispute. Appellees claim the other one-fifth, as heirs of their mother, Elizabeth Stroud; but appellant sets up facts, in his answer, which he insists presented a defense, but the court below, having opened a default, gives leave to file an answer to the

meriis. On its being filed, it was adjudged 'insufficient, and, on motion, stricken from the files; and this action of the court is questioned by the assignment of errors.

He sets up, in his answer, that he, two brothers and two sisters, were the only heirs of George Nichols, deceased, from whom they inherited this and other property; that, after his death, the heirs met and entered into a parol partition of these lands; that a portion of them were allotted to Elizabeth and a portion to his brother Thomas Nichols; that Elizabeth. before her marriage. bargained and sold to appellant, under her hand and seal, all of her right and title in the east half of the south-west quarter of section 28, and Thomas and his wife conveyed to him, in December, 1844, the north half of the south-west quarter of section 28; and that he furnished money to purchase a homestead for Elizabeth and her husband, and they agreed to convey to him the south-west quarter of the south-west quarter of section 28, and the north-east quarter of the north-east quarter of section 36, in satisfaction of the same, and that James conveyed to him the north-west quarter of the north-east quarter of section 36, intending to vest the entire title thereto in appellant.

If the answer is true. that Elizabeth, the mother of appellee, bargained and sold to appellant the east half of the south-west quarter of section 28, we are at a loss to know why that does not form a complete bar to all claim of Nancy and Martha. If it does not, it would be difficult to perceive what would constitute a defense. This is a proceeding in equity, and must be governed by equitable rules and considerations. Then, the bargain and sale by Elizabeth to appellant, in writing, under seal, in equity, passed the equitable title, although it may not have been a formal deed. This rule is so familiar that the citation of authorities is wholly unnecessary. The language is not that she bargained to sell, but that she "bargained and sold, under seal." The implication, and the only implication, is, that the sale was complete, and that it was in writing and under seal, and, on a hearing,

appellant would be held to such proof. This, then, presented a defense to the merits as to that tract; it was not only meritorious, but it was eminently just and equitable. It would be a reproach to a court of equity to hold, that Elizabeth having bargained and sold the eighty-acre tract to appellant, and received pay for it, and having acquiesced in the sale during her lifetime, her children may come in, after almost a quarter of a century, and, on a bill in equity, recover the land.

When a party appeals to equity, he must do equity. The chancellor will never enforce mere technicalities, at the sacrifice of justice, unless compelled to do so by the stern and inflexible rules of law.

Again, the answer alleges that all of the heirs came together, and, by parol, made a partition of the lands which they inherited from their father, and each of the heirs took possession of the share severally allotted to him. It has been repeatedly held that a parol partition, if followed by possession by each tenant in common, is sufficient to protect each in his several share, and, although it does not pass the legal title, it protects the possession, and a conveyance will .be decreed in equity; and where the possession, under such a partition, has been of such a length of time as to warrant the presumption that a conveyance was made, the tenant will be held to be vested with the legal title. See *Manly* v. *Pettee*, 38 Ill. 128, and *Tomlin* v. *Hilyard*, 43 Ill. 300. Such a partition, followed with possession, has been held good even against creditors and subsequent purchasers; but if that were not so, it would surely be good against heirs, who take as volunteers. It would be most inequitable to permit the mother of Martha and Nancy to receive and hold her just and equal share of her father's real estate, and then claim her share in the lands in controversy; and more so, after she had acquiesced in the partition during her life, to permit her heirs, long after they had arrived of age, to claim the share of their mother in these lands.

17—77TH ILL.

It also appears, from the allegations of the answer, that appellant had claim and color of title, made in good faith, to these lands, and had been in possession and paid taxes thereon, all concurring for more than seven years after the heirs of Elizabeth arrived of age; and if so, that would constitute a bar, as one disability can not be lapped on another.

It may be that the allegation as to paying taxes is not as specific and direct as good pleading requires. He does not allege he paid all taxes legally assessed thereon; nor does he allege that he was in the actual possession of the land; nor does he, in terms, allege that he held in good faith under his claim and color of title. These averments may not all be essential, but are usually so made.

Again, he does not refer to the statute, nor does he claim the benefit of a bar of the statute. This should be done in some apt language; but for the errors indicated, the decree of the court below must be reversed and the cause remanded, with leave to appellant to amend his answer, if he shall be so advised.

*Decree reversed.*