ARTHUR M. PIERCE

*v.*

HENRY W. McCLELLAN.

1. LIMITATION—*to bill by partner for account.* A bill for an account by one partner against another is barred after the lapse of five years after the dissolution of the partnership, unless the defendant has been absent from the State a portion of that time.

2. SAME—*presumption as to party's absence from the State.* Where a bill is filed for a partnership accounting more than five years after the firm has been dissolved, if the defendant has been absent from the State portions of that time, the burden of proof is upon the complainant to overcome the presumption of a bar created by lapse of time, by showing that taking out the time of his absence five years are not left.

3. SAME—*may be set up in answer.* The defendant in a bill in chancery may set up and rely on the bar of the Statute of Limitations by answer. If set up by a formal plea, by the ancient practice it should be accompanied by an answer.

4. PARTNERS—*not trustees after dissolution.* If partners, during the existence of the partnership, are trustees for each other, that relation certainly ceases when the firm is dissolved and its business closed.

WRIT OF ERROR to the Circuit Court of Peoria county; the Hon. JOSEPH W. COCHRAN, Judge, presiding.

Mr. L. HARMON, and Mr. DAN. R. SHEEN, for the plaintiff in error.

Messrs. CRATTY BROS., and Messrs. McCOY & PRATT, for the defendant in error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was a bill, filed by appellee against Bobb, in his lifetime, for an account of the affairs of a partnership which had previously existed between them. It appears that the partnership was dissolved on the 16th day of August, 1867, and the bill was filed on the 26th day of March, 1875, seven years seven months and ten days after the dissolution. Bobb, in his answer, set up and relied on the Statute of Limitations, as a bar to the suit. The evidence shows that Bobb, during all that time, resided in Peoria, in this State, but was temporarily absent a portion of the time in other States.

But appellee relies on the 13th section of the Limitation law of 1845 (Rev. Stat. p. 348), and the evidence, to overcome the presumption of the bar that is raised by the first section, which bars all actions of this character in five years.

The 13th section provides, that "if any person or persons, against whom there is or shall be any cause of action  *  * shall be out of this State at the time of the cause of action accruing, or any time during which a suit may be instituted on such cause of action, then the person or persons who shall be entitled to such action shall be at liberty to bring the same against such person or persons, after his or their return to this State, and the time of such person's absence shall not be counted or taken as a part of the time limited by this chapter."

. This presents the question, whether Bobb, after the dissolution of the partnership, and before the suit was brought, was absent from the State a sufficient length of time to leave

less than five years. On a careful examination of the evidence, we are satisfied that it fails to show he was in the State less than five years during that time. It all depends upon Bobb's evidence. And he swears he was unable to fix the length of time he was absent. He testifies that he was not absent much during the last three years before suit was brought; that he was certainly in Peoria six months or more every year during the period from the dissolution to the time when the suit was brought. It is on this last statement that appellee most strongly relies to take his case out of the statute.

'If we were to suppose that he was absent a month each of the last three years, that would be certainly a considerable portion of time, yet it would leave two years and nine months; and when he says he was in Peoria six months or more every year, that would give, of the other four years and seven months, two years and three months, making five years, and leave twenty days to be added. This would be more than the full statutory period of limitation. Whilst we are, from this evidence, unable to determine with certainty, we are inclined to think the probabilities are that the period was even longer. But it was for appellee to overcome, with evidence, the presumption of a bar created by the lapse of more than the statutory period. We think he has failed to do this. Nor can we see that the evidence preponderates in his favor. We must, therefore, hold that the bar of the statute is established.

Appellee, in his brief, says that the statute should not be held to apply in this case, because each partner is a trustee for the other; and if it does apply, the statute should have been set up by special plea, and not by answer. To the first proposition we need only to say, that on the dissolution of the firm and the close of its business, if such is the relation of partners to each other whilst the partnership lasts, it certainly ceases when the firm is dissolved. It has been held that the plea of the statute may be interposed to a bill for an account, after the dissolution of a partnership. *Barber* v. *Barber*, 18 Ves. 286 ; *Atwater* v. *Goodrich*, Edwards' Ch. R.

417; Colyer on Part. 207. We regard it as well recognized law.

Nor is there any force in the objection, that the defence should be made by plea and not by answer. In the case of *Nichols* v. *Padfield,* 77 Ill. 253, the doctrine is recognized that this defence may be set up in an answer. And the practice was again recognized in the case of *Borders* v. *Murphy,* 78 Ill. 81. Also, see *Van Hook* v. *Whitlock,* 7 Paige R. 373; Story's Eq. Pl. sec. 751 When interposed by answer, it operates as and has the effect of a plea. Nor do we see any objection to the practice. If a separate formal plea had been filed, according to the ancient practice ·it would have to be accompanied by an answer. Hence there can be no practical benefit by prohibiting it from being set up in the answer.

The defence of the Statute of Limitations having been established, the court below erred in rendering a decree in favor of complainant, and it must be reversed, and the bill dismissed.

*Decree reversed.*