Williams, J.
Was the plaintiff’s action barred by the statute of limitations ? If it was, there is no error in the judgments of the courts below. If it was not, the plaintiff is entitled to judgment upon the report of the referee.
The original action was one, that before the adoption of the code of civil procedure, was known as a suit in equity for an accounting between co-partners; and much of the discussion of counsel, has been directed to the rules applied in courts of equity, to defenses founded on the *657 lapse of time. Those courts, it is admitted, were not always agreed, either upon the ground on which such defenses were sustained, or in regard to the length of time necessary to make them available. Some, adopted by analogy, the statutes of limitations applicable to similar actions at law, and others, the more general rule, that nothing short of such laches, as, from loss of papers, death of parties, or witnesses, or other circumstances, prevented a just settlement, would bar the action. The referee in the case, reports as his conclusion of law, that there is no certain rule, “as to when the limitation will prevail in equity; ” and he decides that under the circumstances of the case, “ four years from the close of the sales, was sufficient time to set the statute running,” and the action, not having been commenced for more than six years thereafter, was barred. Since the distinction between suits in equity and .actions at law has been abrogated, and the civil action substituted for them, by the code of civil precedure, its provisions limiting the time for commencing actions, apply to all civil actions, whether they be such as were theretofore of a legal, or equitable nature, and must, furnish the guide, in determining whether the plaintiff’s action was barred.
The plaintiff in error contends, however, that the action is expressly saved from the limitations of the statute, by sec. 4974, (Revised Statutes,) which provides that the chapter prescribing the time within which actions may be commenced, shall not apply to the case of a continuing and subsisting trust. His position is, that a trust relation subsists between the oo-partners after the dissolution of the firm, as well as before; that notwithstanding the dissolution, the partnership may be said to continue, with all the incidents pertaining to that relation, for the purpose of settling its affairs, and, until that is accomplished, each partner is a trustee for the other. In support of this position, we are referred to the case of Pomeroy v. Benton, 57 Mo. 531. That was a case “ Where one member of .a firm who had the entire management of the partnership, without the knowledge or consent of his co-partner used the money, assets and credit of the concern in outside speculations, *658 and appropriated the benefits to himself individually, and subsequently rendered to his co-partner a false balance sheet, purporting to correctly exhibit the true condition of the firm affairs, but which in fact did not mention or allude to the outside operations, and assured his co-partner that this statement was correct, and on the faith, of this statement and his representations his partner was induced to convey to him all his interest in the concern, and to execute a bill of sale therefor;” and it was held, that “ outside of any stipulations in the partnership articles, good faith should restrain one partner from embarking the funds or credit of the firm outside of their legitimate scope, and for his own advantage ; and if such ventures are made by one partner, he cannot appropriate the profits to himself, but must account for them to the partnership.”' It is said by the judge who delivered the opinion in the case,. “ That every partner is the agent of his co-partner is a very familiar doctrine, and it arises from the necessities of his co-partnership relation. A doctrine equally well settled, though not yet hackneyed through frequent quotation, is, that the same rules and tests are applied to the eonduet of partners as are-ordinarily applicable to that of trustees; and that the duties,, functions, rights and obligations of partners may be for the-most part comprehended by the same words which define those of trustees and agents.” And he cites Kelly v. Greenleaf, 3 Story R. 93, where it is held, that “ Where a partner fraudulently, without the consent of his co-partners, applies the partnership funds to his private purposes and profit, or invests the same in his own name and-for his own use, his co-partners, may, if they can distinctly trace the investment, follow it, and treat it as trust property held for the benefit of the firm, by the partner or by any person in whoso hands it may be, except a bona fide purchaser, without notice.”
There is another class of cases which hold, that a liquidating or surviving partner, who becomes possessed of the partnership assets, is a trustee for their proper application to the firm creditors, and, he is bound of course, to distribute to the co-partner, or his representative, his share of any surplus remaining after the discharge of the partnership liabilities. In *659 such case, the surviving or liquidating partner is acting for all the partners, and his possession is not adverse, until a renunciation by him, or so long as the postponement of a final settlement is consistent with a faithful discharge of his duties. It was said by Lord Chancollor Eldon, that a partner, who after dissolution has the actual possession of the partnership property, has it clothed with a trust for the co-partners, to apply the property to the partnership debts. Williams Ex Parte, 11 Vesey Jun. 5. The obligation, however, of the liquidating or surviving partner, to account for the surplus, after the partnership liabilities are discharged, is not that of a trustee, but of a debtor.
No authority is found in these cases, nor in any to which we have been referred, upon which it can be maintained, that a partner who has neither been guilty of a misapplication of the partnership assets, nor had possession or control of them after dissolution, as liquidating or surviving partner, or otherwise, is in any sense a trustee of his co-partner; and no ground for such a claim is perceived. Nor do we think a trust relation exists between partners generally after dissolution, where there has been no agreement, and no concealment or fraud. 2 Bates Partnership, see. 942; Pierce v. McClellan, 93 Ill. 245; McKelvey’s Appeal, 72 Penn. St. 409; Jenny v. Perkins, 17 Mich. 28; Collier on Part., 6th Ed., sec. 297, note 6. It has long been the established doctrine of courts of equity, that subsisting trusts are not within the operation of statutes of limitation, and suits to enforce them are not barred by lapse of time; and yet it is said by most writers on the law of partnerships, to be well settled, that suits for accounting between partners are subject to the bar of the statute, or to limitations analogous to the statute. 2 Bates on Part., sec. 942; Story on Part., 7 Ed. sec. 233, note 4. Pierve v. McClellan, 93 Ill. 245; Collier on Part., 6th Ed., sec 297, note 6.
There is nothing in the circumstances of this case upon which to ground a trust in favor of the plaintiff. No partnership property came to the defendant’s possession after the dissolution, and he was not charged, by any agreement, with the *660 duty of collecting the debts due the partnership, nor did he in fact collect them. It appears from the report of the referee, that the only book pertaining to the partnership business, was kept by the plaintiff, and retained in his custody after the termination of the partnership; and, that he had charge of the collection and settlement of the firm accounts. Nothing came to the hands of the defendant after the dissolution, except the sum of $50.42 in the mouth of May, 1867, and this was entered on the book by the plaintiff at that time; and all other charges against the defendant, were by the plaintiff, entered on the book prior to that time.
The plaintiff’s action, is therefore, subject to the limitations presci’ibed for commencing civil actions, and, since such actions can only be commenced within the period prescribed after the cause of action accrues, it becomes important to determine when, in cases of this kind, the cause of action accrues. The contention of the plaintiff in error is, that the right of action does not accrue until all the partnership claims have been collected, and its liabilities discharged; and authorities are found which support this position. But the generally accepted, and we think the better rule, is, that the right of action is complete, and the statute begins to run, when the partnership is dissolved, unless there is some agreemeent fixing a period for accounting beyond the time of dissolution, or circumstance that renders an accounting then impracticable. In a recent and excellent work on the law of partnerships, the author speaking on this subject says: “ Any partner after dissolution, or if there has been no dissolution, but he has grounds to seek it, can maintain a bill for an accounting, although he is a debtor partner, and no balance will be coming to him, for he has a right to have the assets applied to the debts, to ascertain and reduce his ultimate liability. And though the losses have been caused by his violation of agreement, to the extent of requiring them to fall upon himself.” Bates on Partnership, sec. 921.
In Collier on Partnership, sec. 282, it is said: “ The account which a court of equity decrees between partners is usu *661 ally consequent upon a dissolution, and Lord Eldon was inclined to hold that it must depend upon a dissolution.”
Mr. Parsons in his work on partnership, on page 326, says, “a court of equity frequently decrees an account between partners; almost always, however, where there has been or is to be a dissolution of the partnership.” And again, on page 554 of the same work, it is said: “ Whenever there is a dissolution of a partnership, for any cause, it would seem that there must be an account, if it be demanded by any party in i nterc-st. But it is always possible for partners or their representatives to agree together upon some arrangements which render an account unnecessary.” In Wood on the Limitation of Actions, that author, speaking of the application of the statute of limitations to actions for an accounting between partners, says: “There is no definite rule of law that the statute begins to run immediately upon the dissolution of the partnership, and the question as to whether it does or not, must depend upon the peculiar circumstances of each case. But unless there is some covenant or agreement, express or implied, fixing a period for accounting beyond the time of dissolution, or circumstances that render an accounting impossible, the statute begins to run from the time when the partnership is in fact dissolved.” Wood on Limitation of Actions, sec. 210. And further on in the same section, it is said, “ Whore partnership affairs are unsettled at the time the firm is dissolved, and by written agreement one of the partners is designated to keep and dispose of the firm assets at such prices and upon such terms as he can, a continuing trust is thereby created, and the statute does not begin to run in favor of the liquidating partner, so long as he acts under the trust, or admits its continúan ce.”
The essential allegations of a petition, in the ordinary case for the settlement of a partneship, are, the fact of a partnership between the parties, the transaction of partnership business by them under it, its dissolution, and unsettled accounts growing out of it. These facts appearing, the petition is not demurable. The judgment under the code in such cases, is as flexible as the former decree in chancery, and may *662 be sufficiently comprehensive to determine the ultimate rights of the parties. It may provide for the sale or other disposition of any remaining assets of the copartnership; the collection of outstanding claims, and the payment of any unsatisfied partnership liabilities; and, then, settle the rights of the parties concerning any surplus of the partnership assets, or reserve their settlement for future adjudication. There was, in this case, no agreement postponing the accounting beyond the dissolution of the copartnership, nor other circumstance rendering an accounting then impossible or impracticable. No charge is made, that the defendant employed the partnership assets for his individual advantage, and there is no imputation of fraud or concealment on his part. Nor was the defendant, in any sense, a liquidating partner. It appears from the report of the referee, that the partnership business terminated at the close of the year 1865, when, the plaintiff went into other business for himself, and defendant did likewise. There was, at that time, it is true, no express agreement of dissolution, but a partnership may bo terminated and dissolved by the completion of its business, and this partnership was then in fact dissolved. At the time of the dissolution there were outstanding claims due the firm, all of which, except a small amount, were collected by the plaintiff within less than a year, and nothing was received by the defendant subsequent to May, 1867. It is not shown that there were any unpaid liabilies of the firm, and no reason appears why the action could not have been commenced immediately after the dissolution; from which time in this case, the statute of limitations began to run.
The only remaining question is, what period of time will bar the action ? A majority of the court are of the opinion that actions of this class are governed by the provisions of section 4985, (Rev. Stats.) and can only be brought within ten years after the cause of action accrues; and, as more than that period elapsed between the dissolution of the partnership and the commence'ment of the plaintiff’s action, the courts below properly held that the action was barred.

Judgment affirmed.