MARY E. BLACK et al.

v.

AMOS MILLER.

Opinion filed June 18, 1898.

173     489
90a  ¹190

173     489
f188  ¹504

173     489
96a  ³450
97a  ¹468
98a  ³329

173     489
100a  ³289
100a  ³291

173     489
198    ³ 42

173     489
e106a¹360
109a  ¹282

173     489
210    158
e112a³280

173     489
113a  ¹102

1. PLEADING—objection of adequate remedy at law may be made by answer. An objection as to the jurisdiction of a court of equity on ground of adequate remedy at law may always be taken by answer.

2. SAME—answering over after demurrer waives no defense made by answer. Answering over after the overruling of a demurrer to a bill waives the error in such overruling, but the defendant does not waive any defense which he may make, and does make, by his answer, which requires no demurrer.

3. EQUITY—when equity cannot take jurisdiction to compel cancellation of written instrument. Equity cannot take jurisdiction to compel the surrender and cancellation of a promissory note, where the facts alleged in the bill, if true, are such as would establish a complete defense to a suit at law on the note in the hands of any party.

Black v. Miller, 71 Ill. App. 342, reversed.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on writ of error to the Circuit Court of Montgomery county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

HOWETT & JETT, for plaintiffs in error.

GEORGE R. COOPER, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Defendant in error filed his bill in the circuit court of Montgomery county, against plaintiffs in error, as executors of Robert Black, deceased. Complainant alleged that on March 8, 1887, while residing in the State of Illinois, he sent $1000 to Johnson & Blackwelder, real estate agents in the city of Wichita, Kansas, to be invested in real estate for him; that on March 5, 1887, they purchased for him from Robert Black an undivided one-half of four

lots in said city, and Black and wife on that day executed a deed to him; that Johnson & Blackwelder were agents of Robert Black and had the property for sale, and acted as such agents in making the sale to him, of which fact he had no knowledge until about April 1, 1896; that Johnson & Blackwelder paid to Robert Black $800 cash on the purchase out of the $1000 sent them, and complainant executed his promissory note to Robert Black for $800, the balance due, payable six months after date, with interest at eight per cent, and secured by mortgage on the premises; that the property was not worth the amount paid; that after the note and mortgage became due, Robert Black commenced foreclosure proceedings and obtained a decree, under which the lots were sold, and bought by him at $25 each and conveyed to him; that Robert Black died in March, 1894, and that defendants were appointed executors, and brought suit in assumpsit on the note in said circuit court of Montgomery county to recover the balance due. Complainant tendered a reconveyance of the premises to the heirs of Robert Black, and prayed that the sale to him should be annulled, the suit in assumpsit against him enjoined and the note canceled.

The bill was demurred to, and the demurrer challenged the jurisdiction of the court of equity on the ground that the complainant had an adequate remedy at law, and that he might set up all such matters as were alleged in the bill in defense of the suit at law. The demurrer being overruled the defendants answered, admitting the commencement of the suit on the note by them but denying the material allegations of the bill upon which relief was claimed, and disputing the right of the complainant to resort to a court of equity or to have the controversy adjusted in that court. There was a hearing, at which it was proved that complainant's brother, Eli Miller, was book-keeper for the firm of Johnson & Blackwelder, at Wichita; that there was a great boom in city

lots at that place in March, 1887; that complainant sent $1000 to his brother, with orders to turn it over to Johnson & Blackwelder, and that said Johnson & Blackwelder were agents for Robert Black and purchased the premises from him, receiving a commission therefor, but making no charge against and receiving nothing in the way of commission or compensation from complainant. The court granted the relief asked for, perpetually enjoined the suit at law and ordered the note delivered up for cancellation.

In this court the jurisdiction of the court of equity is disputed, as it was by the demurrer and answer, and it is contended that a bill in equity would not lie, and that no relief should have been granted thereunder because the complainant had a complete and adequate remedy at law. In reply, it is first insisted that plaintiffs in error cannot raise that question because they did not abide by their demurrer. It is true that the objection must be raised in apt time in a case where equity might, under any circumstances, have jurisdiction. In such a case, if no objection of that sort is made, either by demurrer or answer, and the party submits to the jurisdiction in equity and goes to a hearing, he cannot be heard afterward to question it. As was said in *Stout* v. *Cook*, 41 Ill. 447, the objection comes too late after having filed an answer without taking the exception. So in *Ryan* v. *Duncan*, 88 Ill. 144, it was said (p. 147): "Where an objection as to the jurisdiction of the court, that there was a perfect remedy at law, has been made for the first time at the hearing, it has been held that the objection came too late—that it should have been taken either by demurrer to the bill, or by insisting on it as a ground of defense in the answer." This is an objection that may always be taken by the answer. (1 Ency. of Pl. & Pr. 883.) By answering over after a demurrer a party waives the right to assign error on the ruling of the court on his demurrer, but he does not waive a defense which he may make, and does make, by his answer, and which re-

quires no demurrer. In this case there is a complete and adequate remedy at law. The matters set up in the bill were available as fully in defense to the suit at law as in equity, and the plaintiffs in error, when they answered, disputed the jurisdiction of a court of equity. They objected to being brought into a court of that kind and having the matter determined in that court.

Counsel for defendant in error says it may be true the defense could be made in a court of law but that such a court could not compel a surrender and cancellation of the note, and that this is ground of equitable jurisdiction. He says that the sole and only issue involved in the hearing on the bill was the cancellation of the note and its surrender, and the enjoining of the suit at law was only a means to that end. Courts of equity will, in a proper case, require the surrender and cancellation of written instruments, and this remedy is entirely equitable, so that if a party is entitled to it, it cannot be afforded to him by a court of law. When, however, a party alleging himself to be injured by the existence of a written instrument has a complete defense against it in an action at law, he cannot ask a court of equity to require its surrender and cancellation unless the remedy by defense relied on is inadequate to promote the ends of justice and afford complete relief. In the case of commercial paper, although a defense as against the original holder would be perfect, yet if the paper is not due and that defense could not be made as against a *bona fide* purchaser the remedy would not be complete, because the paper might be transferred so as to cut off the legal defense. That is not the case in this instance, but the note was made in the year 1887 and was due in six months. It was long past due, and subject to the defense set up in the bill in any suit at law, in the hands of any person. In such a case the remedy by defense is both adequate and complete, and no ground existed or was shown by the bill or evidence for the intervention of a court of equity.

If defendant in error could resort to equity in this case, every suit on a promissory note to which a defense was claimed could be transferred to that side of the court on the ground that the note should be surrendered.

The judgment of the Appellate Court and decree of the circuit court are reversed and the cause is remanded to the circuit court, with directions to dissolve the injunction and dismiss the bill.

*Reversed and remanded.*