People, for the use of, etc., v. William Suhre et al.

1. Judicial Officers—*Not Amenable in Civil Suits for Judicial Acts.*—A justice of the peace, or other inferior magistrate, is not answerable in a civil suit to the party aggrieved, for any judicial acts, done by him within his jurisdiction.

Debt, on the official bond of a justice of the peace. Error to the Circuit Court of Madison County; the Hon. William Hartzell, Judge, presiding. Heard in this court at the February term, 1901. Affirmed. Opinion filed September 4, 1901.

Burton & Wheeler, attorneys for plaintiff in error.

Travous, Warnock & Burroughs, attorneys for defendant in error.

Mr. Presiding Justice Creighton delivered the opinion of the court.

This was an action in debt on the official bond of a justice of the peace, in the Circuit Court of Madison County, by plaintiff in error against defendants in error. The declaration is in the usual form, against the justice and his bondsmen, and consists of two counts. The first charges that the justice did not faithfully discharge all the duties of such justice to the best of his skill and ability in this, that in a certain suit pending before him wherein said F. M. West was defendant, said justice willfully and unlawfully refused to grant to said West a change of venue, and willfully and unlawfully retained the suit and proceeded to try the same, over the objections and protests of said West.

The second count charges that the justice corruptly, oppressively, and with partiality refused the change of venue, retained the suit, proceeded to hear and determine the issues, and rendered judgment against said West, over his objection and protests. To this declaration defendants in error filed a general demurrer, which the court sustained and rendered judgment thereon, dismissing the case at costs of plaintiff.

We have diligently searched the authorities to ascertain the present state of the law as to liability of judicial offi-

cers to answer in civil suits for judicial acts, and are satisfied with the expression of it as found in Lund v. Hennessey, 67 Ill. App. 233. In that case the court say:

"No judicial person, whether a chancellor sitting in a court of equity, a judge of a common law court of record, a justice of the peace, or other inferior magistrate, member of a court martial, or juror, who is a part of the court, is, for any judicial act within his jurisdiction, * * * answerable in a civil suit to a party aggrieved."

It is not contended by counsel for plaintiff in error that up to the time of making the application for change of venue the justice did not have jurisdiction of both the subject-matter of the suit and of the parties, and the law is, that the refusal of a justice of the peace to grant a change of venue even where a party is clearly entitled to it, does not oust the justice of jurisdiction. The People v. Watkins et al., 19 Ill. 117; Adkins et al. v. Mitchell, 67 Ill. 511. The justice did not act without jurisdiction at any stage of the proceeding.

Counsel for plaintiff in error contend that the act of a justice of the peace in passing upon and granting or refusing a change of venue is a purely ministerial act, and that therefore the justice in performing such act is not within the protection which the law accords to judicial officers in the exercise of judicial powers. They say:

"Where a petition for change of venue in a civil case conforms to the requirements of the statute the application must be granted. The mandate is peremptory, the court in such case has no discretion."

True, but the justice, and not the petitioner, must judicially determine whether or not the petition conforms to the requirements of the statute, must judicially interpret the meaning of the statute and determine what its requirements are, must himself judicially determine whether or not the condition of peremptory mandate does in fact exist. All the cases relied on by counsel for plaintiff in error are cases which recognize this principle, and in which appeals and writs of error were prosecuted to correct such judicial errors of the trial court. We find no error in this record. The judgment of the Circuit Court is affirmed.