## John C. Vannatta et al. v. Frank Lindley et al.

98    327
a198s    40

1. JURISDICTION—*Objection to, in Equity, When to be Taken by
Answer.*—An objection to the jurisdiction of a court of equity on the
ground that the complainant has an adequate remedy at law may
always be taken by answer.

2. EQUITY—*Jurisdiction to Compel the Surrender of a Promissory
Note, Where the Maker Has a Defense at Law.*—Equity can not take
jurisdiction to compel the surrender and cancellation of a promissory
note, where the facts alleged in the bill are such as will establish a com-
plete defense to a suit at law on the note.

3. PROMISSORY NOTES—*Effects of Powers of Attorney to Confess
Judgment in.*—The fact that a promissory note contains a power of
attorney to confess a judgment upon it, in any court of record in this
State, does not take the case out of the rule laid down in Black v. Miller,
173 Ill. 489.

4. SAME—*Fraud and Circumvention as a Defense to Note in the
Hands of an Innocent Holder.*—If fraud and circumvention are used in
obtaining the execution of a promissory note it will constitute a good
defense to the note in the hands of an innocent holder.

**Bill for an Injunction.**—Appeal from the Circuit Court of La Salle
County; the Hon. HARVEY M. TRIMBLE, Judge, presiding. Heard in
this court at the October term, 1901. Reversed and remanded with
directions.    Opinion filed November 15, 1901.

BREWER & STRAWN and BUTTERS & CARR, attorneys for
appellants.

H. M. STEELY and McDOUGALL & CHAPMAN, attorneys for
appellee Frank Lindley.

J. W. CREEKMUR and McDOUGALL & CHAPMAN, attorneys for appellee J. W. S. Howell.

MR. JUSTICE BROWN delivered the opinion of the court.

This was a bill in chancery, and alleges that a certain promissory note purporting to have been executed by complainants and payable to the order of J. W. S. Howell and indorsed after its maturity to Frank Lindley was a forgery, and that its execution was obtained by fraud and circumvention.

The bill prayed for an injunction against the transfer of the note, and that it be delivered up and canceled. The bill was filed after the maturity of the note.

Upon reference, the master in chancery found, from the evidence taken by him, that the note was a forgery and that its execution was obtained by fraud and circumvention.

The court sustained an exception to the finding of the master that the note was a forgery, but sustained the finding that the execution of the note was obtained by fraud and circumvention.

The answers of the defendants alleged that the complainants had a complete and adequate remedy at law and denied the jurisdiction of a court of equity.

The decree found that the execution of the note was obtained by fraud and circumvention and that the complainants had a complete and adequate remedy at law, and dismissed the bill for want of equity.

The statute relating to negotiable instruments provides that if any fraud or circumvention be used in obtaining the making or execution of a promissory note, such fraud or circumvention may be pleaded in bar to any action brought upon such instrument so obtained, whether the action be brought by the party committing the fraud or circumvention, or by any assignee of the note.

An objection as to the jurisdiction of a court of equity on the ground of an adequate remedy at law may always be taken by answer. Equity can not take jurisdiction to compel the surrender and cancellation of a promissory note, where the facts alleged in the bill, if true, are such as

Vannatta v. Lindley.

will establish a complete defense to a suit at law on the note in the hands of any party.    Black v. Miller, 173 Ill. 489.

It is contended by complainants that because the note contains a power of attorney authorizing the confession of judgment in any county of the State, and that if judgment should, by virtue thereof, be entered in a remote part of the State, thereby rendering it more expensive to them to interpose their defense there than it would to make the same defense where they reside, it would for that reason be the duty of the court to grant equitable relief.    No authorities are cited supporting the contention.    If the note did not contain the power of attorney to confess judgment, the complainants could not be sued thereupon except in the county in which they reside, so long as they remain therein.    But if they were found and lawfully served with process in another county, though it might be more expensive for them to make their defense there, a court of equity could not relieve them by enjoining the prosecution of the suit.

The fact that the note contains a power of attorney to confess judgment in any court of record in this State does not take the case out of the rule as laid down in Black v. Miller.

The Circuit Court properly found that it was without jurisdiction and should therefore have dismissed the bill for that reason and upon that ground.

It was error for the court, after properly determining that it had no jurisdiction in the premises, to incorporate in its decree a finding of fact which might prejudice the holder of the note in an action at law to recover thereon. Appellees having assigned cross-errors upon this portion of the decree it becomes necessary to reverse.

The decree of the Circuit Court is reversed and remanded, with directions to that court to enter a decree dismissing the bill for want of jurisdiction and with directions to omit from said decree the finding that the execution of the note was obtained by fraud or circumvention.    The costs of this suit will be adjudged against appellants.

Reversed and remanded with directions.