## Chicago & Joliet Electric Ry. Co. v. Matilda S. Ferguson.

1. CORPORATIONS—*When Consolidation is Effected by Transfer of Franchise of One Concern to Another.*—A consolidation, not a purchase, is effected by the transfer of the franchise and all the property of one corporation to another under an arrangement by which the stockholders of the former company exchange their stock for stock in the latter company.

2. SAME—*Consolidated Company Liable for All Debts or Liabilities of Each Company in the Consolidation.*—In all cases when any company or corporation chartered or organized under the laws of this state shall consolidate its property, stock or franchises with any other company or companies, such consolidated company shall be liable for all debts or liabilities of each company included in the consolidated company, existing or accrued prior to such consolidation, and actions may be brought or maintained, and recovery had therefor, against such consolidated company.

3. SAME—*Consolidated Company Liable for Judgment Rendered Against One of Its Constituent Companies After the Consolidation.*— A consolidated company is not relieved from liability upon a judgment rendered against one of its constituent companies after the consolidation.

4. EQUITY—*Party Having an Adequate Remedy at Law Must Proceed There.*—A party who has a plain and adequate remedy at law must proceed there, and so long as his remedies at law are not exhausted he may not resort to a court of equity.

5. EQUITY PRACTICE—*Where Defendant Reserves in His Answer All Advantage He Might Have Had by Demurring to the Bill.*—Where the defendant reserves in his answer all advantage he might have had by demurring to the bill, he is enabled, on the hearing, to raise the question that complainant had a complete and adequate remedy at law.

**Bill to Enforce a Lien.**—Appeal from the Circuit Court of Will County; the Hon. DORRANCE DIBELL, Judge presiding. Heard in this

court at the October term, 1902.   Reversed and remanded.   Opinion filed January 27, 1903.

E. MEERS and D. F. HIGGINS, attorneys for appellant.

FREDERICK A. HILL, J. W. D'ARCY and J. L. O'DONNELL, attorneys for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

Matilda S. Ferguson, appellee, was personally injured by the fault and negligence of the Joliet Railway Company, on the 12th day of March, 1898. On the 25th day of March, 1898, she instituted suit against said company in the Circuit Court of Will County, to recover damages for such injuries. May 24, 1900, she recovered judgment in her suit against said company for $950 and costs.

At the time appellee received her injuries the Joliet Railway Company, a corporation, owned and was operating a street railway system in the city of Joliet, and was capitalized for $300,000. April 25, 1898, said company, by its officers, executed a deed of conveyance of all of its property, including its franchise, to C. Thornton Libby, for the expressed consideration of one dollar. On the same day Libby, for a like expressed consideration, conveyed said franchise and property to the Joliet Railroad Company, a newly organized corporation, capitalized at $600,000. The stockholders in the first company received two shares of stock in the new company for each share held in the first company. September 1, 1899, the Chicago & Joliet Rapid Transit Company, a corporation, was organized for the purpose of operating an electric line of railroad between Joliet and Chicago, connecting with the northern terminus of the Joliet Railroad Company, in the city of Joliet. January 15, 1901, by the joint action of the two companies, the Joliet Railroad Company and the Chicago & Joliet Rapid Transit Company consolidated under the name of the Chicago & Joliet Electric Railway Company, the appellant.

The appellee, Matilda S. Ferguson, filed the bill in this case against Jacob A. Henry and William B. McKinley, as stockholders in the Joliet Railway Company, and against all of the above named railway companies, and prayed that said defendants and each of them might be required to disclose the nature of its right, title and interest in and to the property of every kind of the Joliet Railway Company upon the date of the rendition of her said judgment and at the present, and that the same might be subjected to the payment of said judgment. After the bill was amended, and issue joined by answers and replications by the defendants, Jacob A. Henry, William B. McKinley, and the Chicago & Joliet Electric Railway Company, the court heard the proofs and entered a decree dismissing the bill as to the defendants Jacob A. Henry and William B. McKinley, for want of equity, and as to all the other defendants except the Chicago & Joliet Electric Railway Company, for want of service, and decreed that the last named defendant pay the complainant the amount of her said judgment, interest and costs, within thirty days from the date of entering the decree.

It admits of no controversy that the procedure by which the Joliet Railway Company became merged in its successor, the Joliet Railroad Company, was not a purchase of the former company by the latter, but was a consolidation of the two companies in the Joliet Railroad Company. The former company ceased to exist; thereafter it had no officers, stockholders or property. Everything it formerly had, which would be available to a judgment creditor, passed to the possession and control of the latter company. A consolidation, not a purchase, is effected by the transfer of the franchise and all the property of one corporation to another under an arrangement by which the stockholders of the former company exchange their stock for stock in the latter company. The Chicago, Sante Fe and California Railway Company v. Ashling, 160 Ill. 373. Thus we find all the assets of the Joliet Railway Company passed by an act of consolidation to the Joliet Railroad Company. It is next

transferred to the appellant by the consolidation of the Joliet Railroad Company and the Chicago & Joliet Rapid Transit Company. The record shows the adoption by the Joliet Railroad Company of the following resolution:

"Whereas, the board of directors of this company desire and have agreed with the board of directors of the Chicago & Joliet Rapid Transit Company to consolidate this company with that company upon the following terms and conditions, viz: The name of such consolidated company shall be the Chicago & Joliet Electric Railway Company.

Therefore, be it resolved, that the stockholders of this company do hereby ratify, confirm and adopt the recommendation and agreement of their board of directors, and upon the adoption of a similar resolution by the stockholders of the Chicago & Joliet Rapid Transit Company, these resolutions shall become and be the agreement of consolidation between the Joliet Railroad Company and the Chicago & Joliet Rapid Transit Company."

Similar action was taken by the Chicago & Joliet Rapid Transit Company, and thus came into existence the appellant, possessed of all the property, franchises and stock of the constituent companies and burdened with their liabilities. The statute provides that in all cases when any company or corporation chartered or organized under the laws of this state shall consolidate its property, stock or franchises with any other company or companies, such consolidated company shall be liable for all debts or liabilities of each company included in said consolidated company, existing or accrued prior to such consolidation; and actions may be brought or maintained, and recovery had therefor, against such consolidated company.

A consolidated railroad company is not relieved from liability upon a judgment rendered against one of its constituent companies after the consolidation. Chicago, Santa Fe & California Railway Co. v. Ashling, *supra*.

Appellee's claim is meritorious. The facts presented by this record entitle her to recover the amount of her judgment in an appropriate form of action. It is, however, insisted by appellant that appellee has an adequate remedy at law, and for that reason the decree of the Circuit Court

should be reversed.    The case of the Chicago, Santa Fe and
California Railway v. Ashling, *supra*, which was in form
an action at law, demonstrates that a resort to equity juris-
diction was unnecessary to obtain the relief here sought.
In Black v. Miller, 173 Ill. 489, it was held that an objec-
tion to the jurisdiction of a court of equity on the ground
of an adequate remedy at law could always be taken by
answer.    The answer of the appellant denied that appellee
was entitled to any of the relief sought by the bill of com-
plaint, and prayed all the advantage of a demurrer.    In
Schack v. McKey, 97 Ill. App. 467, the court said :

"Whatever may be the doctrine of other courts, the
rule in this state is unmistakable that a party who has
a plain and adequate remedy at law must proceed there,
and so long as his remedies at law are not exhausted
he may not resort to a court of equity.    Gore v. Kra-
mer, 117 Ill. 176; County of Cook v. Davis, 143 Ill. 151;
Kimball v. Walker, 30 Ill. 482; Comstock v. Henneberry,
66 Ill. 212.    The reservation by appellee in his answer of
all advantage he might have had by demurring to the bill,
enabled him, on the hearing of the application for the
appointment of the receiver and the turning over to him of
possession of the property, which was the substantial relief
sought by the bill, to raise the question that appellant had
a complete and adequate remedy at law.    Black v. Miller,
173 Ill. 489; 1 Daniell's Ch. Pl. and Pr. 715."

Reluctant as we are to subject appellee to further delay
and expense in the collection of a demand shown by the
record to be just and legal, we can find no alternative but
to reverse the decree of the Circuit Court upon the ground
that appellee had an adequate remedy at law.    The decree
is reversed and the cause remanded.

Mr. Justice DIBELL, having heard this cause in the court
below, took no part in its consideration here.