## C. Grampp et al. v. John McBrearty.

1. JUSTICE OF THE PEACE—*Must Determine Whether Petition for a Change of Venue Conforms to Requirements of the Statute.*—Upon application to a justice of the peace for a change of venue, the justice must judicially determine whether or not the petition conforms to the requirements of the statute, and he does not lose jurisdiction by refusing to grant it.

2. EQUITY—*Will Not Assume Jurisdiction Where There is an Adequate Remedy at Law.*—Where the plaintiff has an adequate remedy at law he may not resort to a court of chancery for relief.

3. EQUITY PRACTICE—*Reservation in Answer of All Advantage Had by Demurring.*—The reservation by a defendant in his answer of all advantage he might have had by demurring to the bill, enables him on the hearing to raise the question that plaintiff had a complete and adequate remedy at law.

**Bill for an Injunction.**—Error to the City Court of Aurora; the Hon. RUSSELL P. GOODWIN, Judge presiding. Heard in this court at the April term, 1903. Reversed and remanded. Opinion filed June 8, 1903.

ALDRICH & WORCESTER, attorneys for plaintiffs in error.

No appearance by defendant in error.

MR. JUSTICE BROWN delivered the opinion of the court.

This is a bill by defendant in error to enjoin plaintiffs in error from collecting a judgment rendered by J. N. Titsworth, a justice of the peace of Aurora, Kane county, in favor of Grampp and Meyers, against John McBrearty.

It appears from the record that while the case was regularly pending before the justice, and at a time to which it had been continued, the parties appeared, and before entering upon the trial McBrearty, the defendant, made and filed an affidavit in due form of law for a change of venue. The justice refused to grant the change of venue, whereupon the defendant withdrew from the office of the justice and took no further part in the proceedings. The justice proceeded to hear the case and rendered judgment against the defendant for $20.55 and costs. After the expiration of the time to appeal, the defendant filed this bill to enjoin the plaintiffs, the justice, and a constable to whom an execution had been or was about to be issued, from taking any steps to collect the judgment. The court granted a temporary injunction without notice to the defendants. The defendants answered the bill and filed three affidavits in support of the answer. The bill alleges the foregoing proceedings before the justice and that McBrearty was not indebted in any amount to Grampp and Meyers. The answer denies that the complainant is entitled to the relief, or any part thereof, demanded by the bill of complaint, and

Grampp v. McBrearty.

prays the same advantage of the answer as if the defendants had pleaded or demurred to the bill. The defendants moved to dissolve the temporary injunction previously granted. In their motion the defendants, among other grounds, allege the bill is without equity upon its face, and that the complainant had an adequate remedy at law. The court overruled the motion to dissolve the injunction and entered a decree making the injunction perpetual. Independent of the merits of the case hereinafter considered, it is manifest, as a matter of practice, the court erred in entering a final decree against the defendants upon the motion to dissolve the temporary injunction. The motion was based upon the want of equity in the allegations of the bill, and the existence of an adequate remedy at law also apparent from an inspection of the bill of complaint. There was no replication to the answer. The case was not at issue. It was not reached upon the calendar in the regular procedure of the business of the court. It was not called nor subject to be called for trial at the time the final decree was entered over the objection of defendants. The action of the trial court in this respect alone would necessitate a reversal of the decree making final disposition of the case.

The alleged ground of equitable relief is that the justice had no jurisdiction to enter judgment after the application for a change of venue was duly made, and that the judgment rendered after such application was void. This is a misapprehension of the law. A refusal of a justice of the peace to grant a change of venue, even where a party is clearly entitled to it, does not deprive the justice of jurisdiction to render a valid judgment in the cause. A party feeling himself aggrieved at such action on the part of a justice of the peace must appeal from the judgment to obtain relief. In People v. Hoglund, 93 Ill. App. 292, which was an application for a writ of prohibition involving a question similar to that here under consideration, the court said :

" Without considering whether the relators would have been entitled to a change of venue from appellee, had they

proceeded to make oath before him, as provided for in the statute, which was not done, it is yet evident that they could have at once appealed from any judgment such justice might have rendered, obtaining thus a speedy and adequate remedy. * * * Upon appeal from the justice, the matter is heard *de novo*. It is sought in this case to obtain a writ of prohibition to perform the functions of an appeal, viz., to test the correctness of a justice's ruling. The demurrer to the petition was therefore properly sustained and the writ properly denied."

And in People v. Suhre, 97 Ill. App. 231, which was an action on the official bond of a justice of the peace for failing to faithfully perform his official duties, in that he refused to grant a change of venue to one of the parties to a suit pending before him and wrongfully and unlawfully retained the suit and rendered judgment against the party applying for a change of venue, the court said :

" It is not contended by counsel for plaintiff in error that up to the time of making application for a change of venue, the justice did not have jurisdiction of both the subject-matter of the suit and of the parties, and the law is that the refusal of a justice of the peace to grant a change of venue, even where a party is clearly entitled to it, does not oust the justice of jurisdiction. The justice did not act without jurisdiction at any stage of the proceedings. Counsel for plaintiff in error contend that the act of a justice of the peace in passing upon and refusing a change of venue is a purely ministerial act, and that therefore the justice, in performing such act, is not within the protection which the law accords to judicial officers in the exercise of judicial powers. They say, ' Where a petition for a change of venue in a civil case conforms to the requirements of the statute, the application must be granted. The mandate is peremptory; the court in such case has no discretion.' True, but the justice and not the petitioner must judicially determine whether or not the petition conforms to the requirements of the statute; must judicially interpret the meaning of the statute and determine what its requirements are; must himself judicially determine whether or not the condition of peremptory mandate does in fact exist. All of the cases relied on by counsel for the plaintiff in error are cases which recognize this principle, and in which appeals and writs of error were prosecuted to correct such judicial errors of the trial court."

And in Chicago & Alton R. R. Co. v. Harrington, 90 Ill. App. 640, in which the court was speaking with reference to changes of venue in a court of record, the court said :

" An order granting a change of venue and specifying the court to which the case shall go is, in its effect on the question of jurisdiction, very much different from an order denying the change. Whether the order of a court granting a change of venue is erroneous or otherwise, it invests the court to which the charge is made with complete jurisdiction of the case. * * * To erroneously deny a change of venue is like any other error which may occur, either in the court where the error was committed or on appeal or writ of error. The jurisdiction still exists, no matter how gross the error may be in denying the application."

In Adkins v. Mitchell, 67 Ill. 512, the court uses the following language :

" The refusal of the justice of the peace to grant the change of venue did not authorize the dismissal of the suit in the Circuit Court. The justice has jurisdiction of the subject-matter and on appeal to the Circuit Court, where there must be a trial *de novo*, that court has jurisdiction of the parties as well as of the subject-matter."

We hold that the refusal of the justice to grant a change of venue in this case, was but an error, which in nowise affected his jurisdiction or authority to render the judgment in question.

It is elementary law that if the defendant in error has an adequate remedy at law he may not resort to a court of chancery for relief. The right of appeal afforded that remedy. Had he availed himself of the right of appeal his case would have been tried *de novo*. The question of equitable jurisdiction was properly raised in this case by allegations of the answer to which reference has heretofore been made. This court, in the recent case of Chicago & Joliet Electric Railway Company v. Ferguson, 106 Ill. App. 356, said :

" It is, however, insisted by appellant that appellee has an adequate remedy at law, and for that reason the decree of the Circuit Court should be reversed. The case of the

Chicago, Santa Fe and California Railway v. Ashling, *supra*, which was in form an action at law, demonstrates that a resort to equity jurisdiction was unnecessary to obtain the relief here sought. In Black v. Miller, 173 Ill. 489, it was held that an objection to the jurisdiction of a court of equity on the ground of an adequate remedy at law could always be taken by answer. The answer of the appellant denied that appellee was entitled to any of the relief sought by the bill of complaint, and prayed all the advantages of a demurrer. In Schack v. McKey, 97 Ill. App. 467, the court said: 'Whatever may be the doctrine of other courts, the rule in this state is unmistakable that a party who has a plain and adequate remedy at law must proceed there, and so long as his remedies at law are not exhausted he may not resort to a court of equity. Gore v. Kramer, 117 Ill. 176; County of Cook v. Davis, 143 Ill. 151; Kimball v. Walker, 30 Ill. 482; Comstock v. Henneberry, 66 Ill. 212. The reservation by appellee in his answer of all advantage he might have had by demurring to the bill, enabled him, on the hearing of the application for the appointment of the receiver and the turning over to him of possession of the property, which was the substantial relief sought by the bill, to raise the question that appellant had a complete and adequate remedy at law. Black v. Miller, 173 Ill. 489; 1 Daniell's Ch. Pl. and Pr. 715.' "

Moreover, if the contention of the defendant in error that the judgment rendered by the justice was void, were correct, he would be equally remediless in a court of equity. If the judgment were void and the defendant did not desire to subject himself to the jurisdiction of any other court by appealing, he could await the levy of an execution and then replevy the property levied upon or bring an action of trespass for the illegal seizure of his property.

The judgment rendered by the justice of the peace was not void; the defendant in error had an adequate remedy at law; the trial court erred in refusing to dissolve the temporary injunction for want of equity upon the face of the bill, and in making the injunction perpetual. The decree of the court below will be reversed, and the cause remanded.