### John E. Kingsley v. Arthur Kingsley.

1. DURESS—*effect of exercise of, in obtaining execution of mortgage, etc.* Where the execution of a note and mortgage has been obtained by duress, a court of equity will set aside such note and mortgage where the bill is filed before the maturity thereof.

2. REOPENING CASE—*power of chancellor with respect to.* It is within the discretionary power of a chancellor to reopen a case and permit the introduction of additional testimony.

Bill in chancery. Appeal from the Circuit Court of Morgan county; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the May term, 1906. Affirmed. Opinion filed November 27, 1906.

WILLIAM A. CRAWLEY and CHARLES A. BARNES, for appellant.

WILLIAM T. WILSON, for appellee; JOHN A. BELL-ATTI, of counsel.

MR. PRESIDING JUSTICE RAMSAY delivered the opinion of the court.

On July 25, 1905, Arthur Kingsley filed his bill in chancery against John E. Kingsley, his son, in the Circuit Court of Morgan county, in which he charged in substance that on the eighth day of November, 1904, said John E. Kingsley procured from him by duress and without consideration a note and chattel mortgage securing the same running to the said John E. Kingsley, for the sum of $3,500; that on the seventeenth day of July, 1905, by writ of replevin issued from the Circuit Court of said Morgan county, said John E. Kingsley obtained possession of all the property described in said chattel mortgage and was advertising the same for sale under the provisions of the mortgage, and that if allowed to make sale, the rights of the said Arthur Kingsley in said property would be lost. The bill prayed for an injunction restraining sale under the mortgage, and that the note and mortgage be declared null and void and decreed to be delivered up and canceled. Injunction was ordered as prayed for in the bill, and after answer had been filed by John E. Kingsley, the cause was heard upon the evidence and a decree rendered in favor of Arthur Kingsley finding that said note and mortgage were without consideration and directing that they be delivered up and canceled. John E. Kingsley excepted to the rendering of the decree and appealed.

The evidence shows that Arthur Kingsley, at the time of the making of the note and mortgage, was about seventy-seven years of age; that he lived with one of his daughters who was unmarried and kept house for him; that on the eighth day of November, 1904, John E. Kingsley went to the home of his father, took him in a buggy and drove him to Jacksonville, where, in the office of a notary public, a note dated

November 2, 1904, for $3,500 and due in two years from its date, with interest at seven per cent. and a chattel mortgage securing said note, running to John E. Kingsley, were signed, the mortgage acknowledged before such notary public, and both delivered by the father to John.

That there was no previous arrangement made between the parties to the effect that such note and mortgage should be made is not controverted in the evidence, and that there was no consideration whatever for the making of the note, is not denied at all by appellant. It clearly appears from the testimony that in the office of the notary public the father asked John to read the papers to him before he signed them and this was refused; that when Arthur Kingsley said: "Read them; I want to hear it," John took his father in a back room and shut the door and kept him there for a half hour and returning into the room where the notary public was waiting with the papers, John said to his father: "If you don't sign they will take every d—d thing you got;" whereupon the father signed the papers without reading.

That a note and mortgage obtained under such circumstances and wholly without consideration are of no validity in the hands of the original payee is too plain for discussion.

Appellant contends, however, that appellee had a complete remedy at law against the enforcement of the note and mortgage and that for that reason no remedy in equity could be sought.

If the note in controversy had been due at the time of the filing of the bill by Arthur Kingsley, then the claim of appellant that appellee had an adequate remedy at law, would have some force, for having passed maturity, it could not thereafter be assigned so as to cut off the defense of appellee; but in the case at bar, when the bill was filed the note had over fifteen months to run before maturity, so that if the note was not de-

livered up and canceled by order of the chancellor, appellant had ample time to have put the same in the hands of some innocent third party before maturity, and thus prevent a defense for want of consideration.

Where the note is *not* due and there is an equitable ground established for having the note canceled, courts of equity will grant relief. Hodson v. Eugene Glass Co., 156 Ill. 397, 406; Black v. Miller, 173 Ill. 489-492.

Appellant next contends that the court erred in allowing the note and mortgage in controversy to be admitted in evidence after the hearing had been formally closed before the chancellor. In this, however, there was no reversible error. The admission of the evidence rested wholly in the discretion of the court and there seems to have been no abuse in the exercise of that discretion. The offer was formal, at most, as all the evidence in the case had relation to the same subject-matter. Appellant could not have been taken by surprise by the admission of the evidence, and was in no way prejudiced by the action of the court in that respect.

The offer of appellant to put in evidence the bond in the replevin suit brought by appellant was properly denied by the trial court. Appellee was not bound to rely upon the replevin bond and under the authorities had a right to file a bill in equity, which was the only jurisdiction in which he had an adequate remedy.

The decree was right and is affirmed.

*Affirmed.*